IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AARON B. LECHLER,

    Plaintiff,

v.                                       C.A. No.:    1:20-cv-141

WIREDRAWN POSTPRODUCTION, LLC, and,
JONATHAN NOWZARADAN,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AARON B. LECHLER (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, WIREDRAWN POSTPRODUCTION, LLC, and JONATHAN NOWZARADAN (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, WIREDRAWN POSTPRODUCTION, LLC, has offices or conducts business in Travis County, Texas.

## THE PARTIES

4. Plaintiff, AARON B. LECHLER, is an individual residing in Travis County, Texas.

5. Plaintiff, AARON B. LECHLER, was employed by Defendants from December of 2017, through January 10, 2019, as a "Story Editor," whose duties were to create a story line via editing/producing the source footage, and was paid at the rate of $280.00 per ten (10) hour day.

6. Defendant, JONATHAN NOWZARADAN, is an individual residing in Travis County, Texas.

7. Defendant, WIREDRAWN POSTPRODUCTION, LLC, primarily operates a business that performs filmmaking, video production and photography services.

8. Defendant, WIREDRAWN POSTPRODUCTION, LLC, is a Limited Liability Company established under the laws of the State of Texas.

9.     Defendant, JONATHAN NOWZARADAN, at all times relevant to this matter acted directly or indirectly in the interest of Defendant, WIREDRAWN POSTPRODUCTION, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10.    Defendant, JONATHAN NOWZARADAN, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee conditions of employment, (3) determined the rate and method of payment for employees, and (4) maintained employment records.

11.    Defendant, WIREDRAWN POSTPRODUCTION, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff were employed.

12.    At all times material to this complaint, Defendant, WIREDRAWN POSTPRODUCTION, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13.    At all times material to this complaint, Defendant, WIREDRAWN POSTPRODUCTION, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff 1) occupied a position as a Story Editor; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was never paid any compensation for the work he provided in excess of 40 hours in a workweek.

17. Defendants' management of Plaintiff required him to work in excess of 40 hours in a workweek.

18. Plaintiff's regular and recurring schedule varied as needed by the Defendants. Plaintiff typically averaged 50 hours of work in each workweek of his employment with the Defendants.

19. Plaintiff worked Plaintiff worked an average of 10 hours of overtime a workweek through his employment for which he was not compensated at one and one-half his regular rate.

20. Throughout the employment of Plaintiff, Defendants repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

21. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, AARON B. LECHLER, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, AARON B. LECHLER, demands a jury trial on all issues so triable.

Respectfully submitted this February 6, 2020.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**